United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60253
Summary Calendar

MOHAMMAD SHEHADEH

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 005 877
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Mohammad Shehadeh, a native and citizen of Jordan, petitions for review of a Board of Immigration Appeals (BIA) final order of removal. Because the BIA affirmed the immigration judge's (IJ) decision without offering additional reasons, we may review the IJ's decision. See Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shehadeh argues for the first time that his equal protection and due process rights were violated by the selective enforcement of alien registration requirements.  He also asserts that immigration officials failed to comply with an internal Immigration and Naturalization Service (INS) memorandum that suggested that removal proceedings should not be initiated against aliens who could be beneficiaries of an adjustment of status under the Legal Immigration and Family Equity Act (LIFE Act), 8 U.S.C. § 1255(i).  Even if Shehadeh's claims are not subject to the exhaustion requirement, see Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004), we have rejected the argument that the registration requirements for certain aliens violate equal protection or due process.  Ahmed, 447 F.3d at 439-40. Additionally, an internal INS memorandum does not create a judicially-enforceable protected liberty interest.  See Loa-Herrera v. Trominski, 231 F.3d 984, 989 (5th Cir. 2000).

Shehadeh also contends that the IJ abused his discretion by refusing to grant a continuance of the removal proceedings to allow Shehadeh's pending application for labor certification to be determined.  Shehadeh argues that he may be entitled to adjust his status under the LIFE Act if his labor certification is approved.  Shehadeh asserts, for the first time, that the failure to grant a continuance violated his right to equal protection. The grant of an application for labor certification is but one step in the "long and discretionary process" of obtaining an

adjustment of status pursuant to § 1255(i).  Ahmed, 447 F.3d at 437-39.  Accordingly, the IJ's denial of a continuance pending determination of Shehadeh's application for labor certification was not an abuse of discretion.  See id. at 439.  Shehadeh has not provided any support for his assertion that the failure to grant a continuance violated his equal protection rights.

The petition for review is DENIED.